IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-po-07015-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHRISTOPHER J. CORDOVA,

      Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Defendant has filed a Motion to Dismiss. ECF 5. He is charged with failing to comply with official signs under 41 C.F.R. § 102-74.385 and the unlawful taking of photographs in public buildings under 41 C.F.R. § 102-74.420.

      As a general background, on August 2, 2022, Defendant was at the Social Security Administration's (SSA) office in Littleton, Colorado, intending to record video (and stream it live over the internet). When Defendant went from an entryway to an interior office while continuing to video, security officers arrested him.

      In his Motion, Defendant first contends 41 C.F.R. § 102-74.420 is facially unconstitutional under the First Amendment. Defendant acknowledges that his freedom to engage in free speech in nonpublic fora engenders the greatest latitude by the government to restrict. He also agrees that the location at which he was arrested was a nonpublic place. I find his arrest was pursuant to a constitutional exercise of government regulation.

Defendant also alleges that 41 C.F.R. § 102-74.420 is unconstitutionally vague as applied, in that it leaves unclear whether Defendant's conduct was in a building entrance, lobby, foyer, corridor, or auditorium, locations where the regulation *does* permit recording. Based on the record currently before the Court, Defendant was arrested in a place where he could be recording SSA interior space where SSA customers had personal information such as Social Security numbers in the open. Opposition at 2, ECF 7. This space was a more interior-type area than those permitted by the regulation. The current record also demonstrates Defendant's knowledge that he was recording in a prohibited area. *Id.* Defendant has not established unconstitutional vagueness here.

Defendant will have the ability to re-raise these defenses at or after trial, once a more complete factual record is made.

It is therefore ORDERED that Defendant's Motion to Dismiss [filed January 9, 2023; ECF 5] is **denied.**

Entered   February 27, 2023, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge