**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
|     **Plaintiff,** | |
| **v.** | **Criminal No. 22-PO-07015-MEH** |
| **CHRISTOPHER J. CORDOVA,** | |
|     **Defendant.** | |

**GOVERNMENT'S TRIAL BRIEF**

The government respectfully files this trial brief to summarize the government's proof and applicable law, and to inform the Court of evidentiary and other issues likely to arise during the trial on March 16, 2023.

**I.      Background**

The criminal information charges Christopher Cordova with two counts. Count 1 charges failure to comply "with official signs of a prohibitory, regulatory, and directory nature," and "with the lawful direction" of Federal officers. Count 2 charges the unlawful taking of photographs—including video—in violation of security regulations, rules, orders, and directives, and "of space occupied by a tenant agency, for non-commercial purposes, without the permission of the occupying agency." Information, ECF No. 3.

The relevant factual questions are narrow. As to Count 1, under 41 C.F.R. § 102.74.385, the government will present evidence to prove both that Cordova (a) knowingly failed to comply with official signs, and (b) knowingly failed to comply with lawful

directions from federal officers. Evidence of either would establish guilt, and evidence of both is apparent in his livestreamed video.

As to Count 2, under 41 C.F.R. § 102.74.420, the government will present evidence to prove both that Cordova took photographs, which he livestreamed, (a) when prohibited by a security rule, order, and directive prohibiting photography inside SSA offices; and (b) of space occupied by a federal agency. Evidence of either would establish guilt, and evidence of both is apparent in his own livestreamed video.

### a.    Anticipated witnesses

During the trial of this matter, the government intends to present testimony from two law enforcement officers employed by the United States Department of Homeland Security's Federal Protective Services.

### b.    Anticipated exhibits

The government intends to offer exhibits including YouTube videos, a YouTube video with live chat log from YouTube's website, photographs, screen shots from web pages, violation notices, public records such as emails setting out Social Security Administration activities, business records, and the defendant's seized cell phone.

Each exhibit is identified by GOV Bates numbers. Counsel for the defendant has stipulated to the admission of the YouTube video livestreamed by Cordova to his YouTube channel. Other exhibits (i) will be authenticated by a witness, or (ii) are business records, some of which also are generated by an electronic process or system that produces an accurate result, or (iii) are records that set forth the activities of a federal agency and thus do not require a foundational witness to establish authenticity. Materials

from websites—including chat logs and screen shots—may be authenticated through testimony of a person who viewed the information and can testify that it is what appeared on the website. *See, e.g.*, *United States v. Bansal*, 663 F.3d 634, 667-68 (3d Cir. 2011); *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007); *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).

## II.   The live chat replay is not hearsay

The government may introduce chat messages from a YouTube chat feature called Live Chat Replay that was enabled during Cordova's livestream. This live chat consists of real-time messages from viewers of the livestream to Cordova that he read and interacted with during the livestream. The messages fall into two categories: (1) messages Cordova repeated during the livestream; (2) messages Cordova did not repeat.

For the first category, statements made or adopted by Cordova are not hearsay. *See* Fed. R. Evid. 801(d)(2). For the second category, the comments are not hearsay because government will not offer them for the "truth of the matter asserted." *United States v. Lewis*, 594 F.3d 1270, 1284 (10th Cir. 2010) ("The hearsay rule does not preclude an out-of-court statement from being used substantively so long as it is not being used to prove the truth of the matter asserted by the declarant."). Instead, the messages are not hearsay because, among other purposes, they:

1.   Affected the defendant, and thus are admissible to show effect on the listener. *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434 (10th Cir. 1993) ("Statements offered for the effect on the listener, however, are generally not hearsay."). Cordova solicited, read, and acknowledged

3

comments throughout the livestream, and they affected his conduct, as he repeatedly acknowledged in the course of the livestream.

2.   Show the defendant's knowledge when he committed the offenses—a use "independent of the truth of the statement . . . and thus not hearsay." *Thornburg v. Mullin*, 422 F.3d 1113, 1128 (10th Cir. 2005).

3.   Show the defendant's motivations for committing the offenses, which is not hearsay. *See Wilson v. Sirmons*, 536 F.3d 1064, 1111 (10th Cir. 2008) (finding statement "offered to show . . . motivation" was "not offered to prove the truth of the matter asserted"); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991) (finding exhibit was not hearsay because "it was not offered to prove the truth of its contents but to show [defendant's] motivation").

## III.   Self-authenticating records

The government provided notice to the defendant of record certifications under Federal Rule of Evidence 902(11) and 902(13) by Erica Teklinski of Google LLC. The government also may introduce public records, including a government lease and an email that sets forth the activities of a federal agency. Such public records generally are admissible as non-hearsay and do not require foundation testimony. *See United States v. Iverson*, 818 F.3d 1015, 1021 (10th Cir. 2016).

## IV.   Defendant's beliefs about the First Amendment are not relevant at trial

The government anticipates that the defendant may emphasize at trial—as he did during his livestream—his belief that the GSA regulation and the posted signs are

unconstitutional under the First Amendment and seek to introduce evidence and argument related to that belief. Such argument and evidence are not relevant.

Because the First Amendment does not make more or less probable any "fact that is of consequence" to the defendant's guilt, they are not relevant in his criminal trial. Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. It is well-settled that a defendant's beliefs about the constitutionality or legality of the law are not relevant—and thus not admissible—in a criminal trial. *See Cheek v. United States*, 498 U.S. 192, 206 (1991) ("We thus hold that in a case like this, a defendant's views about the validity" of a statute "are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper."); *United States v. Ambort*, 405 F.3d 1109, 1115-16 (10th Cir. 2005) (rejecting relevance of testimony related to defendant's beliefs about criminality of conduct); *United States v. Zeese*, 437 F. Supp. 3d 86, 100 (D.D.C. 2020) ("A defendant's claim that the applicable legal duties are invalid, however, suggests that the defendant knew about the legal duties, thought about the legal duties, and formed an opinion about those legal duties. Considered disagreement with a legal duty embodied in the criminal law is not a defense to a charged criminal violation . . . ."). The defendant's opportunity to challenge the validity of the GSA's regulation, the SSA's signs, or the rules, orders, and directives he received was during pretrial motions, not at trial. *See United States v. Platte*, 401 F.3d 1176, 1186 (10th Cir. 2005).

Indeed, in a pretrial motion, the defendant facially challenged one of the GSA regulations on First Amendment grounds. *See* ECF No. 5. The Court denied the motion.

*See* ECF No. 9. And for good reason: Cordova conceded that federal property is a nonpublic forum. *See* ECF No. 5, at 4. This concession was fatal. It is well settled that the government may, in a nonpublic forum, "restrict use to those who participate in the forum's official business." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 53 (1983); *see also Make the Road by Walking, Inc. v. Turner*, 378 F.3d 133, 147 (2d Cir. 2004) ("With regard to property used to carry out specific government functions, government may reasonably reserve expression on that property exclusively for those conducting official business."). It may do so through regulation (as GSA did here) or policy (as SSA did). *Compare United States v. Kokinda*, 497 U.S. 720, 733-34 (1990) (regulation) *with Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 810 (1985) (policy). To support a restriction in a non-public forum, the government need offer no actual evidence that a particular person's use will disrupt agency business but need only articulate why photography "conceivably" may interfere with the forum's business. *Hawkins v. City and Cnty. Of Denver*, 170 F.3d 1281, 1290 (10th Cir. 1999). Interference with government business is not "'measured by the disorder that would result from granting an exemption solely to'" this defendant in Littleton but from granting an exemption to all the potential groups who might want to photograph in the forum—here, GSA-managed agency or SSA offices nationwide—including "unsavory" and "unprincipled" photographers. *Int'l Soc. for Krishna Consciousness v. Lee*, 505 U.S. 672, 684-85 (1992) (citing *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 652 (1981)). It is easy to conceive many such reasons photography may interfere with SSA business or interrupt the "performance of the duties of its employees." *Cornelius*,

473 U.S. at 805-06. To name a few, allowing photography might chill both government employees and the public from exchanging confidential information, slow down agency operations, reduce efficiency as employees or customers are distracted by livestreamers, increase congestion, cause customer duress, and lead to security concerns if a photographer publishes photos about the security or operations of an office. The GSA no-photography restriction and SSA no-photography policy easily pass constitutional muster.

DATED this 9th day of March, 2023.

COLE FINEGAN
United States Attorney

s/ Craig Fansler
Craig Fansler
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Craig.Fansler2@usdoj.gov

7

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

s/ *Breanna McCall*
Breanna McCall
Legal Assistant
United States Attorney's Office