IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-po-07015-MEH

USA;

    Plaintiff,

v.

CHRISTOPHER CORDOVA

    Defendant.

---

### UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING

---

Defendant, Christopher Cordova, by and through undersigned counsel, respectfully moves the court to continue the Sentencing Hearing currently scheduled for July 28, 2023 at 10:00 a.m. and in support thereof provides as follows:

### ARGUMENT

Fed R. Crim P. 58(g)(3), provides that a Court may issue a stay of judgment or conviction and sentence upon appeal. When evaluating whether to stay sentencing or conviction upon appeal, they looks to 18 USC § 3143 which provides that:

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)]; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

1. DEFENDANT IS NO A RISK OF FLIGHT AND DOES NOT POSE A DANGER OT THE SAFETY OF ANY OTHER PERSON OR THE COMMUNITY

This Court is familiar with Defendant and is aware that Mr. Cordova is not a risk of flight or to any person in the community. The charges in this case relate to video recording in a social security office - not a crime of violence, drugs or other concerning conduct. Indeed, the offenses are the lowest offenses in federal law. Accordingly, the Court should find that Defendant satisfies the first element of this request.

2. DEFENDANT'S APPEAL IS NOT FOR THE PUPOSE OF DELAY

Defendant intends to present three arguments on appeal: 1) that the regulations at issue in this case is a violation of his First Amendment rights to record in public facilities; 2) that the area in which Defendant recorded was a lobby for the purposes of 41 C.F.R. 102-74.420; and 3) that the Court improperly relied upon charges for state level crimes for which Defendant has not been

convicted in determining its sentence. Each of these arguments is made in good faith, based in part on Defendant's political activity and is not made for the purposes of delay. Accordingly, the Court should find that Defendant satisfies this second element as well.

3. DEFENDANT'S APPEAL RAISES A SUBSTANTIAL QUESTION OF LAW OR FACT

The Tenth Circuit employs a two-part test to determine whether a defendant has satisfied the remainder of § 3143(b)(1)(B). *See United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985). First, the Defendant must establish that his appeal raises a substantial question of law or fact, which the Tenth Circuit has defined as a question that "is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* As provided above, Defendant raises three issues for appeal which raise substantial questions of law or fact that create a close question. Undersigned counsel is aware of no caselaw across any circuit addressing the right to record in a public space open to the public. Moreover, Undersigned counsel is aware of no law interpreting the characteristics of a lobby to permit a reasonable individual to know when and where he can an cannot film for news purposes. 41 CF 102-74.420 provides a list of spaces for which individuals are permitted to film, which includes auditoriums, lobbies, building entrances, and foyers. Each of these is a discrete and different type of space. In this case, Defendant entered from a space reasonably understood as a foyer into a space that could reasonably be understood as a lobby. Lastly, Defendant intends to contest the government's request for incarceration solely on the grounds that Defendant had been charged with two misdemeanor offenses after this incident. Defendant may very well prevail in those hearings and yet find himself punished and indeed incarcerated

regardless. Again, undersigned counsel has found no caselaw to support the principal that a Court may impose imprisonment on the basis that a Defendant has been charged with a separate offense for which he has not been convicted nor had the opportunity to contest such charges.

Each of these bases present good faith appellate issues which are close issues. Accordingly, Defendant has met this third element of analysis.

4. PREVAILING ON APPEAL WILL RESULT IN A SHORTER TERM OF IMPRISONMENT, PROBATION, AND FEES

Defendant is appealing several aspects of his conviction which may result in a complete reversal of his conviction. Moreover, any appeal will take longer than the twenty (20) days imprisonment imposed by this Court. Accordingly, Defendant satisfies this fourth and final element as well.

WHEREFORE, Defendant respectfully requests that this Court stay his sentence of incarceration, setnence of probaction, and sentence of a fine, pending his appeal of conviction in this case.

Respectfully submitted this 2nd day of October, 2023.

/s/ Edward Milo Schwab
Edward Milo Schwab, #47897
Ascend Counsel, LLC
2401 S. Downing Street
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co

*Counsel for Defendant*