IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-po-07015-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER J. CORDOVA,

    Defendant.

---

## ORDER
---

**Michael E. Hegarty, United States Magistrate Judge.**

    After holding a bench trial in this matter, on March 20, 2023, the Court found Defendant guilty on both counts charged in the Information: (1) failing to comply with official signs of a prohibitory, regulatory, and directory nature and with lawful direction of Federal police officers and other authorized individuals under 41 C.F.R. § 102-74.385; and (2) unlawfully photographing Federal property under 41 C.F.R. § 102.74.420. ECF 16. At the September 27, 2023 Sentencing Hearing, the Court issued a sentence of fifteen days in the custody of the Federal Bureau of Prisons on Count 1, two years of probation on Count 2, and a $3,000.00 fine. ECF 30. At the hearing, Defendant requested the Court stay his sentence pending his appeal of his conviction. *Id.* The Court withheld the formal entry of Judgment pending its ruling on the motion to stay. *Id.* At the Court's direction, the parties have briefed the issue. *Id.*; ECF 31 (erroneously titled "Unopposed Motion"); ECF 34 (Government's Opposition). As set forth below, the Court **grants** the Motion to Stay.

## ANALYSIS

With respect to petty offense cases, Fed. R. Crim. P. "38 applies to a stay of a judgment of conviction or sentence." Fed. R. Crim. P. 58(g)(3). It provides the Court with discretion to stay a sentence of probation or to pay a fine. Fed. R. Crim. P. 38(c) ("If the defendant appeals . . . [t]he court *may* stay a sentence to pay a fine or a fine and costs . . . on any terms considered appropriate." (emphasis added)); Fed. R. Crim. P. 38(d) ("If the defendant appeals, the court *may* stay a sentence of probation. The court must set the terms of any stay." (emphasis added)). The only mandate with respect to a sentence of imprisonment is that a stay is required if the Court releases the defendant pending appeal. *Compare* Fed. R. Crim. P. 38(b)(1) ("If the defendant is *released* pending appeal, the court *must* stay a sentence of imprisonment." (emphasis added)), *with* Fed. R. Crim. P. 38(b)(2) ("If the defendant is *not released* pending appeal, the court *may* recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal." (emphasis added)).

Defendant argues that 18 U.S.C. § 3143 provides the standard for determining whether to stay a conviction or sentence on appeal. ECF 31. Section 3143(b)(1) provides the standard for release or detention pending an appeal by a defendant, specifically one "who has been found *guilty of an offense* and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari." (emphasis added). But an "offense" as used in this Section is defined as "any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress (*other than a Class B or C misdemeanor* or . . . .)." 18 USC § 3156(b)(2) (emphasis added). Because Defendant has been convicted of two Class C Misdemeanors, Section § 3143(b) does not apply here. *See* Fed. R. Crim. P. 1 (b)(8) ("Petty offense" is defined in 18 U.S.C. §19); 18 U.S.C. § 19 ("[T]he term 'petty offense' means a Class

2

B misdemeanor, a Class C misdemeanor, or an infraction. . . ."); *see also* ECF 3 at 3-1 at 1 (Criminal Information Sheet); ECFs 25, 28 (Sentencing Reports).

Contrastingly, the Government urged the Court to apply the factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009).[1] As the Supreme Court noted in that case, it is well-established that a stay is "an exercise of judicial discretion." *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)); *see also id.* at 421 ("[A] federal court **can** stay the enforcement of a judgment pending the outcome of an appeal." (emphasis added) (quoting *Scripps–Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9–10 (1942))). Indeed, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 427 (quoting *Virginian Ry. Co.*, 272 U.S. at 672); *see also Wyoming v. United States Dep't of Interior*, No. 18-8027, 2018 WL 2727031, at *1 (10th Cir. June 4, 2018) (quoting *Nken,* 556 U.S. at 433). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34 (internal citations omitted). The four *Nken* factors for determining whether to grant a stay are as follows:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (internal citation omitted); *see also Wyoming*, 2018 WL 2727031, at *1 (internal citations omitted). The first two "are the most critical." *Nken*, 556 U.S. at 434; *see also KSTU, LLC v. Aereo,*

---

[1] The Court notes this is a civil case that has been applied in other petty offense cases. *See, e.g.*, *United States v. Mast*, No. 4:17-CR-40078-01-KES, 2020 WL 363025, at *1 (D.S.D. Jan. 22, 2020); *United States v. Morales-Roblero*, No. 3:19-MJ-24442-AHG, 2020 WL 5517594, at *11 (S.D. Cal. Sept. 14, 2020) (analyzing the same factors under Ninth Circuit precedent); *see also Charles v. Stephens*, 612 F. App'x 214, 222 (5th Cir. 2015) (holding no abuse of discretion in denying motion to stay execution regardless of whether the *Nken* factors or the standard in *McFarland v. Scott*, 512 U.S. 849, 858 (1994) is applied).

*Inc.*, No. 14-4020, 2014 WL 1687749, at *1 (10th Cir. Mar. 7, 2014) (quoting *Nken*, 556 U.S. at 434).

The Court finds the second factor—one of the most important factors—warrants a stay. The Government argues that Defendant "proffers two bases for his appeal, both relat[ing] solely to Count 2" and "because appellate success would not affect [Defendant's] prison term, he cannot show irreparable harm from an order to serve that term while he appeals." ECF 34 at 7. The Court disagrees. Defendant's Motion clearly states three appeal arguments:

> 1) that the regulations at issue in this case [are] violations of his First Amendment rights to record in public facilities; 2) that the area in which Defendant recorded was a lobby for the purposes of 41 C.F.R. 102-74.420; and 3) [in sentencing] the Court improperly relied upon charges for state level crimes for which Defendant has not been convicted in determining its sentence.

ECF 31 at 2–3. The third argument applies to Defendant's imprisonment sentence for Count 1. Indeed, Defense counsel raised this argument at the Sentencing Hearing in opposing the Government's recommendation changing from community service to a jail sentence. *Compare* ECF 23, *with* ECF 26. Because it is highly unlikely that Defendant's appeal would be resolved before he completed his fifteen-day jail sentence, success on appeal would result in irreparable harm. Notably, the Government's Motion seemingly concedes this point. *See supra*. Moreover, Defendant's proffered financial difficulties at the Sentencing Hearing similarly support irreparable harm as to payment of the $3,000 fine, payment of which is a mandatory condition of the probation sentence.

Even if Defendant has not made a strong showing of success on the merits, the Court finds the rest of the *Nken* factors favor a stay of Defendant's sentence in its entirety. The Court does not find substantial injury to other parties interested in this proceeding. It also finds the public's interest in the fair and just adjudication of judicial (particularly criminal) proceedings warrants allowing

the resolution of Defendant's appeal to a District Judge before imposing the sentence, especially imprisonment. On balance, the Court finds a complete stay of Defendant's sentence pending his appeal to a District Judge is appropriate under the *Nken* factors.

## **CONCLUSION**

For the foregoing reasons, the Court **grants** Defendant's Motion to Stay his sentence. ECF 31. Accordingly, the Court **stays** Defendant's sentence pending the resolution of his appeal to a District Judge and **directs** the Clerk of Court to enter judgment against the Defendant.

Entered October 19, 2023, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge